# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN T. HILL,<br><br>    Petitioner,<br><br>    v.<br><br>JOSIE GASTELO,<br><br>    Respondent. | Case No. 2:20-cv-11015-MWF-JC<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus ("Petition") and accompanying documents, the parties' submissions in connection with the Motion to Dismiss the Petition ("Motion to Dismiss"), and all of the records herein, including the July 15, 2021 Report and Recommendation of United States Magistrate Judge ("Report and Recommendation"), and petitioner's objections thereto filed on September 20, 2021 ("Objections") (Docket No. 29). The Court has further made a *de novo* determination of those portions of the Report and Recommendation to which objection is made. The Court concurs with and accepts the findings, conclusions, and recommendations of the Magistrate Judge reflected in the Report and Recommendation, and overrules the Objections. Petitioner's Objections largely

reargue matters that the Report and Recommendation properly addresses and rejects. The Court nonetheless expressly addresses certain of petitioner's objections below.

Petitioner objects to the Magistrate Judge's determination that the Petition is untimely, arguing, *inter alia*, that gap tolling should apply to the 144-day delay between the August 20, 2019 denial of his Second State Petition by the California Court of Appeal and the January 12, 2020 filing of his Third State Petition in the California Supreme Court. (Objections at 4-6 (asserting that the gap is not 144 days but 132 days because it should be measured from August 23, 2019 – the date petitioner received the order denying the Second State Petition)).[1] Petitioner asserts that he had good cause for this delay and/or should be entitled to equitable tolling to render the Petition timely because petitioner was denied physical access to the prison law library when he was pursuing state habeas relief and he then was proceeding under an understanding that there are no "fixed, determinate deadlines" for filing state habeas petitions. (Objections at 5-6 (citing Robinson v. Lewis, 9 Cal. 5th 883, 890 (2020)). Ordinary prison limitations on a petitioner's access to the law library do not constitute extraordinary circumstances for equitable tolling or make it impossible to file a petition in a timely manner. See Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009) (observing that concluding otherwise would "permit the exception to swallow the rule" that equitable tolling is permissible only where a petitioner shows that "extraordinary circumstances" stood in the way of timely filing a petition); see also Poulain v. Gulick, 700 Fed. App'x 736, 737 (9th Cir. 2017) (reaffirming same). In any event, as the Magistrate Judge explained, even assuming petitioner is entitled to tolling sufficient to render the Petition

///

---

[1] It is not clear how petitioner has counted 132 days between August 23, 2019 and January 12, 2020, which by the Court's calculation is 141 days, but for the sake of argument the Court accepts petitioner's calculation.

timely, the Petition would not merit federal habeas relief as petitioner's claims are not cognizable herein.  (Report and Recommendation at 9-15 (discussing same)).

As for the cognizability of petitioner's claims, petitioner devotes a significant portion of his objections to repeating his argument that he was not given notice or an opportunity to be heard to challenge the use of his psychological evaluation in assessing his parole suitability in asserted violation of Johnson v. Shaffer, 2013 WL 5934156, at *13-14 (E.D. Cal. Nov. 1, 2013), report and recommendation adopted, 2014 WL 1309289 (E.D. Cal. Mar. 31, 2014). (Objections at 10-15).  The record belies this claim and this Court agrees with the reasoning in the Report and Recommendation disposing of this claim.  (Report and Recommendation at 13-14 (discussing due process given in this case)).

Petitioner also objects to the Magistrate Judge's conclusion that his claims are not cognizable herein by alleging an equal protection violation as a "class of one." (Objections at 15-16).  Petitioner's general allegations fall far short of stating a viable equal protection claim.  The Fourteenth Amendment's equal protection clause "is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne, Tx. v. Cleburne Living Center ("Cleburne"), 473 U.S. 432, 439 (1985); Caswell v. Calderon, 363 F.3d 832, 837 (9th Cir. 2004).  Equal protection does not require that things that are different in fact be treated the same in law. Michael M. v. Superior Court of Sonoma County, 450 U.S. 464, 469 (1981).  To allege an equal protection violation, petitioner must allege he was similarly situated to others who received preferential treatment, Cleburne, 473 U.S. at 439; Fraley v. U.S. Bureau of Prisons, 1 F.3d 924, 926 (9th Cir. 1993); Kilgore v. City of South El Monte, 2021 WL 2852127, at *2 (9th Cir. July 8, 2021) (even for "class of one" equal protection claim, claimant must demonstrate differential treatment from others similarly situated) (citation omitted), and petitioner must also allege discriminatory motive or intent for that different treatment. McLean v. Crabtree, 173 F.3d 1176, 1185 (9th Cir. 1999), cert.

3

denied, 528 U.S. 1086 (2000); Thomas v. Borg, 159 F.3d 1147, 1150 (9th Cir. 1998), cert. denied, 526 U.S. 1055 (1999).  Petitioner has not done so here.

    IT IS THEREFORE ORDERED that the Motion to Dismiss is granted and the Petition and this action are dismissed.

    IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on petitioner and counsel for respondent.

    LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 11, 2022

_____
MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE